IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SYED N. HUSAINI, M.D.,                )
                                      )
      Plaintiff,             )
                                      )
      v.                     )    2:14-cv-00636
                                      )    **Electronic Filing**
THE PAUL REVERE LIFE                  )
INSURANCE COMPANY,                    )
                                      )
      Defendant.             )

## MEMORANDUM OPINION

Plaintiff commenced this action seeking redress for the alleged wrongful termination of disability benefits under an insurance policy. Presently before the court is plaintiff's motion to strike defendant's Rule 26(a) disclosures and/or to compel adequate disclosures. For the reasons set forth below, the motion will be granted to the extent it seeks to 1) have defendant comply with the identification and disclosure requirements in Federal Rule of Civil Procedure 26(a)(2)(B) without delay; and 2) permit follow-up discovery as to these witnesses that is not unreasonably cumulative or duplicative within the meaning of Rule 26(b)(2)(C)(i).

Plaintiff's motion stems from disclosures pertaining to nine witnesses identified by defendant on March 24, 2016. These witnesses were identified as follows:

    A.  **Possible Experts Who Routinely Consult with Unum on Claims**
    The following individuals may offer testimony at trial, some of which may arguably be covered by Federal Rule of Evidence 702. Under Federal Rule of Civil Procedure 26 (a)(2)(B), the individuals outlined in this section of Paul Revere Life's disclosures were not retained or specifically employed to provide expert testimony in this case and their duties as either employees of or independent contractors for Paul Revere Life do not regularly involve giving expert testimony.

**1. Joel W. Saks, M.D.**
Address: c/o Unum Group,
1 Mercantile Street,
Worcester, MA 01608

Dr. Saks is a physician and a medical consultant for Paul Revere Life who analyzed Plaintiff's medical records and other records in the claim file, spoke with one or more of Plaintiff's treating physicians, and provided opinions in connection with Paul Revere Life's review of Plaintiff's claim for benefits. If called to testify, Paul Revere Life anticipates that Dr. Saks' testimony may include testimony concerning his review and analysis of the records, his conversations with Plaintiffs treating physician(s), and his analysis and opinions as reflected in documents previously provided to Plaintiff's counsel as part of the claim file for Plaintiffs claim.

2. **Judith L. Cohen, M.D.**
Address: c/o Unum Group,
1 Mercantile Street,
Worcester, MA 01608

Dr. Cohen is a physician and a medical consultant for Paul Revere Life who analyzed Plaintiff's medical records and other records in the claim file, spoke with one or more of Plaintiffs treating physicians, and provided opinions in connection with Paul Revere Life's review of Plaintiff's claim for benefits. If called to testify, Paul Revere Life anticipates that Dr. Cohen's testimony may include testimony concerning her review and analysis of the records, her conversations with Plaintiff's treating physician(s), and her analysis and opinions as reflected in documents previously provided to Plaintiff's counsel as part of the claim file for Plaintiffs claim.

3. **R. John Groves, M.D.**
Address: c/o Unum Group,
l Mercantile Street,
Worcester, MA 01608

Dr. Groves is a physician and a medical consultant for Paul Revere Life who analyzed Plaintiff's medical records and other records in the claim file and provided opinions in connection with Paul Revere Life's review of Plaintiff's claim for benefits. If called to testify, Paul Revere Life anticipates that Dr. Groves' testimony may include testimony concerning his review and analysis of the records and his analysis and opinions as reflected in documents previously provided to Plaintiff's counsel as part of the claim file for Plaintiffs claim.

4. **Robert Q. Terril, M.D.**
Address; c/o Unum Group,
1 Mercantile Street,
Worcester, MA 01608

Dr. Terrill is a physician and a medical consultant for Paul Revere Life who analyzed Plaintiff's medical records and other records in the claim file and provided opinions in connection with Paul Revere Life's review of Plaintiff's claim for benefits. If called to testify, Paul Revere Life anticipates that Dr. Terrill's testimony may include testimony concerning his review and analysis of the records and his analysis and opinions as reflected in documents previously provided to Plaintiff's counsel as part of the claim file for Plaintiff's claim.

5. **Joseph Sentef, M.D.**
Address: c/o Unum Group,
1 Mercantile Street,
Worcester, MA 01608

Dr. Sentef is a physician and a medical consultant for Paul Revere Life who analyzed Plaintiff's medical records and other records in the claim file and provided opinions in connection with Paul Revere Life's review of Plaintiffs claim for benefits. If called to testify, Paul Revere Life anticipates that Dr. Sentef's testimony may include testimony concerning his review and analysis of the records and his analysis and opinions as reflected in documents previously provided to Plaintiff's counsel as part of the claim file for Plaintiff's claim.

6. **Arthur Dumont, M.D.**
Address: c/o Unum Group,
1 Mercantile Street,
Worcester, MA 01608

Mr. Dumont is a Senior Vocational Rehab Consultant for Paul Revere Life and reviewed occupational data, vocational data (including billing records) and other records in the claim file, and provided vocational opinions, in connection with Paul Revere Life's review of Plaintiffs claim for benefits. If called to testify, Paul Revere Life anticipates that Mr. Dumont's testimony may include testimony concerning his review and analysis of the records and his analysis and opinions as reflected in documents previously provided to Plaintiff's counsel as part of the claim file for Plaintiff's claim.

7. **Robert J. Rodecker, M.Ed., CRC**
Address: c/o Unum Group,
1 Mercantile Street,
Worcester, MA 01608

Mr. Rodecker is a Senior Vocational Rehab Consultant for Paul Revere Life and reviewed occupational data, vocational data (including billing records) and other records in the claim file, and provided vocational opinions, in connection with Paul Revere Life's review of Plaintiff's claim for benefits. If called to testify, Paul Revere Life anticipates that Mr. Rodecker's testimony may include testimony concerning his review and analysis of the records and his analysis and opinions as reflected in documents previously provided to Plaintiff's counsel as part of the claim file for Plaintiff's claim.

8. **Christina Lubin, CPC**
Address: c/o Unum Group,
1 Mercantile Street,
Worcester, MA 01608

Ms. Lubin is a Certified Professional Coder and a Senior Benefits Billing Analyst for Paul Revere Life and reviewed and analyzed billing records and provided opinions regarding the data contained in the billing records in connection with Paul Revere Life's review of Plaintiff's claim for benefits. If called to testify, Paul Revere Life anticipates that Ms. Lubin's testimony may include testimony concerning her review and analysis of the records and her analysis and opinions as reflected in documents previously been provided to Plaintiff's counsel as part of the claim file for Plaintiff's claim.

B. **Possible Expert Who Does Not Routinely Consult With Unum on Claims**
The following individual may offer testimony at trial, some of which may arguably be covered by Federal Rule of Evidence 702. Under Federal Rule of Civil Procedure 26 (a)(2)(B), the individual outlined in this section of Paul Revere Life's disclosures was not retained or specifically employed to provide expert testimony in this case but instead is a physician who conducted an independent medical examination of Plaintiff during the course of Paul Revere Life's analysis of Plaintiffs claim for policy benefits. Paul Revere Life reserves the right to retain the individual outlined below *as* an expert consistent with Federal Rule of Civil Procedure 26 (a)(2)(B) if necessary to present his testimony at trial:

1. **Alexander Kandabarow, M.D.**
   Address: The Orthopedic Group
   800 Plaza Drive, Suite 240
   Belle Vernon, Pennsylvania, 15012

   Dr. Kandabarow is a physician who performed an independent medical examination on Plaintiff at Paul Revere Life's request in connection with its review of Plaintiff's claim for benefits. If called to testify, Paul Revere Life anticipates that Dr. Kandabarow's testimony may include testimony concerning his review and analysis of the Plaintiff's medical records, his examination of Plaintiff, and the analysis and opinions reflected in and relating to his reports to Paul Revere Life as reflected in documents previously provided to Plaintiff's counsel as part of the claim file for Plaintiff's claim.

In addition to the above, defendant provided a "claim file" containing records pertaining to plaintiff's claim. Plaintiff has characterized this file as "a 2,532 page assortment of Policy documents, correspondence, medical records and notes spanning back to the early 1990's."

Plaintiff argues that the witnesses were retained or specifically employed to provide expert testimony in this case or their duties as employees for Paul Revere Life regularly involve giving expert testimony, and they will proffer testimony about their participation in the underlying factual events based on specialized knowledge and experience. Thus, plaintiff moves to strike defendant's disclosures on the grounds that they are not in compliance with Rule 26(a)(2)(B). Plaintiff further asserts that should the court find that defendant's compliance with Rule 26(a)(2)(B) is unnecessary, defendant has nevertheless failed to provide an appropriate summary of the facts and opinions to which each witness is expected to testify pursuant to Rule 26(a)(2)(C).

Defendant counters that these are "hybrid" witnesses whose factual testimony about the case may include opinions based on specialized knowledge, and that hybrid witnesses need only comply with Rule 26(a)(2)(C). Defendant further contends that its claim file contains the

5

information required by Rule 26(a)(2)(C) and that regardless of the extent to which it is organized, they have fulfilled their duty of disclosure to the plaintiff.

Rule 26(a)(2)(B) directs that parties must provide a written report "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Furthermore, "in commenting on the 1970 amendments (to Rule 26), which first defined a broad scope of required written disclosure concerning trial experts' anticipated testimony, including summaries of their opinions and the grounds for them, the Advisory Committee made no suggestion that the rule applied only to certain trial experts, and instead emphasized that broad disclosure was required concerning those experts whom a party expects to call as trial witnesses." Day v. Consol. Rail Corp., 1996 WL 257654, at *2 (S.D.N.Y. May 15, 1996).

Here, all nine witnesses are subject to the report requirement of Rule 26(a)(2)(B). It is an undisputed fact that the witnesses who routinely consult with defendant on claims are employed by the company. Thus, whether they are subject to the requirements of Rule 26(a)(2)(B) turns on whether their duties as employees involve regularly giving expert testimony. Defendant has offered little more than a bare assertion that their employee experts do not regularly give expert testimony. Conversely, plaintiff has produced evidence suggesting that Dr. Joel Saks has appeared as an expert witness in at least twelve other cases, and he and the eight remaining witnesses who fall under this category have signed an employment agreement with defendant, which lists attendance and testimony at trials and/or depositions as one of their primary duties. To excuse these witnesses from the requirements of Rule 26(a)(2)(B) based on the notion that their

6

duties as employees do not regularly involve giving expert testimony would be to overtly disregard the broad scope of required disclosure afforded to Rule 26.

Whether Dr. Kandabarow is subject to the requirements of Rule 26(a)(2)(B) is a question of whether he may be considered to have been retained or specially employed to provide testimony in the case. "In order to give the phrase retained or specially employed any real meaning, a court must acknowledge the difference between a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert testimony." Downey v. Bob's Discount Furniture Holdings, Inc., 633 F.3d 1, 6 (1st Cir. 2011). Generally, only physicians who have provided treatment to the plaintiff are excused from the requirements of Rule 26(a)(2)(B) on the basis that they were not retained or specially employed to provide testimony in the case. See e.g., Elgas v. Colorado Belle Corp., 179 FRD 296, (D. Nev1998); Fielden v. CSX Transp., Inc., 482 F. 3d 886 (6th Cir. 2007).

Here, Dr. Kandabarow was hired by defendant to conduct an independent medical examination of plaintiff. Thus, he may be appropriately regarded as having been retained or specially employed in order to provide expert testimony regarding plaintiffs' claim. See McCluskey v. AllState Ins. Co., 2006 WL 6853110 (D. Mont. Feb. 10, 2006) (Finding that a physician who had been hired to conduct an independent medical examination of the plaintiff was retained or specially employed to provide expert testimony).

Defendant's contention that their witnesses should be excused from expert disclosures pursuant to Rule 26(a)(2)(B) because they are hybrid witnesses is similarly unavailing. Defendant is correct that courts generally excuse hybrid witnesses from the requirements of Rule 26(a)(2)(B). See e.g., St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc., 246 F.R.D.

7

56 (D. D.C. 2007); Allfirst Bank v. Ortenzio, 2002 WL 34381142 (M.D. Pa. June 6, 2002); Sullivan v. Glock, 175 F.R.D 497 (D. Md. 1997). However, none of defendant's witnesses may be appropriately regarded as hybrid witnesses.

The different identification and disclosure requirements for expert witnesses under Rule 26(a)(2) does not turn on the specific scope of the undertaking initiated at the time the party forms a relationship with a witness. Instead, the need to comply with these requirements turns on whether the witness will provide expert testimony for the party at trial that is beyond historical observation as an "actor" or "viewer." See e.g., Quarantillo v. Consolidated Rail Corp., 106 F.R.D. 435 (D.C. N.Y. 1985); Keith v. Van Dorn Plastic Machinery Co., 86 F.R.D. 458, 460 (E.D. Pa. 1980). Thus, in ascertaining whether the requirements for expert testimony under Rule 26(a)(2)(B) are applicable, the rule "focuses not on the status of the witness, but rather the substance of the testimony." Leathers v. Pfizer, Inc., 233 F.R.D. 687, 696-97 (N.D. Ga. 2006).

Defendant asserts that none of its witnesses are expected to testify about anything other than their historical role in the claim and the opinions they provided as part of their routine work. That may be true. However, "when a physician's proposed opinion testimony extends beyond…care or treatment, and the physician's specific opinion testimony is developed in anticipation of trial, the physician becomes an expert from whom an expert report is required. Lowery v. Spa Crafters Inc., 2004 WL 1824380, at *2 (W.D. Tex. Aug. 16, 2004). Defendant's witnesses did not provide treatment to plaintiff. Thus, their proposed opinion testimony extends beyond care or treatment and defendant is required to submit expert reports pursuant to Rule 26(a)(2)(B).

The governing rule for discovery violations is Rule 37 of the Federal Rules of Civil

Procedure. The 1993 amendments to the Federal Rules of Civil Procedure incorporated an "automatic" preclusion for failure, "without substantial justification," to disclose information required by Rule 26. See Fed. R. Civ. P. 37(c). This provision was designed to strengthen the incentive to be forthcoming in the disclosures mandated by Rule 26 by penalizing those who fail to comply with the requirements. See Bonin v. Chadron Community Hospital, 163 F.R.D. 565, 569 (D. Neb. 1995); David v. Caterpillar, Inc., 324 F.3d 851, 856-57 (7th Cir. 2003) ("to insure compliance with [the automatic disclosure requirements and duty to supplement discovery responses of Rule 26], Rule 37 provides that 'a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed.'"). But while "Rule 37 is written in mandatory terms, and is designed to provide a strong inducement for disclosure of Rule 26(a) material[,] ... the Rule does not leave district courts without discretion." Newman, 60 F.3d at 156 (citations and additional quotation marks omitted). Factors commonly considered in the exercise of that discretion include (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability to cure that prejudice; (3) the likelihood of disruption, and (4) the degree of bad faith or willfulness involved in the offending party's violation. Newman, 60 F.3d at 156 (citing Bronk v. Ineichen, 54 F.3d 425, 432 (7th Cir. 1995)); In re Mercedes-Benz Anti-Trust Litig., 225 F.R.D. 498, 506 (D. N.J. 2005); David, 324 F.3d at 857.

  Moreover, the United States Court of Appeals for the Third Circuit has emphasized on a number of occasions that exclusion of evidence under Rule 37(c)(1) is a severe sanction that should not be imposed unless the failure to disclose or supplement is in bad faith or the resulting

prejudice cannot be cured. See In re TMI Litig., 193 F.3d 613, 721-22 (3d Cir. 1999); In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 791-92 (3d Cir. 1994), cert. denied, 513 U.S. 190 (1995; Meyers v. Pennypack Woods Home Ownership Ass'n., 559 F.2d 894, 905 (3d Cir. 1977), overruled on other grounds, Goodman v. Lukens, 777 F.2d 113 3d Cir. 1985), aff'd, 482 U.S. 656 (1987).

The record does not warrant the extreme sanction of exclusion at this juncture. Plaintiffs have failed to demonstrate any real prejudice or surprise which cannot be cured by a brief extension of discovery. Plaintiff has also failed to demonstrate any bad faith on the part of the defendant. Because there was at least partial disclosure of the relevant information and any "resulting prejudice" from the late identification and disclosure requirements can be cured through a brief extension of discovery, the draconian sanction of exclusion is not warranted.

In light of the above, the time for discovery will be extended. Defendant shall comply with the identification and disclosures requirements of Rule 26(a)(2)(B) without delay and plaintiff may pursue any follow-up discovery as to these witnesses that is not unreasonably cumulative or duplicative within the meaning of Rule 26(b)(2)(C)(i).

Date: November 28, 2016

                s/David Stewart Cercone
                David Stewart Cercone
                United States District Judge

cc:  Avrum Levicoff, Esquire
   David Jones, Esquire
   E. Thomas Henefer, Esquire

*(Via CM/ECF Electronic Mail)*